Bruce **COGBURN**, Dineen Cogburn, Plaintiffs,

v.

**UNITED STATES** of America, Department of the Navy, Defendants.

Civ. A. No. 87–0735–T.

United States District Court, D. Massachusetts.

July 18, 1989.

William A. White, Jr. and John J. Loftus, Rockland, Mass., for plaintiffs.

Judith N. Macaluso and Erin L. Scally, Trial Attys., Torts Branch, Civ. Div., Washington, D.C., John S. Legasey, Ardiff & Morse, P.C., Danvers, Mass., and Andrew S. Hogeland, Asst. U.S. Atty., Boston, Mass., for defendants.

## MEMORANDUM

TAURO, District Judge.

This action is brought against the United States and the Department of the Navy by two plaintiffs, a father and daughter, under the Federal Tort Claims Act ("FTCA"). 28 U.S.C. §§ 1346(b), 2401(b), 2671 et seq. Bruce Cogburn is a retired naval serviceman, who was allegedly exposed to asbestos while serving in the Navy.

In 1979, Bruce Cogburn began exhibiting symptoms associated with an asbestos-related disease, for which his Navy doctors allegedly prescribed no more than cough syrup.[1] In March, 1983, Bruce Cogburn was told by a private physician that the Navy had misdiagnosed his asbestosis and that it had progressed unchecked. He then consulted with an attorney, who reviewed his medical records and advised him that the records disclosed no negligent conduct on the part of his Navy doctors. As a result, no administrative or court proceedings were commenced at that time.

In 1986, plaintiffs' present counsel discovered that the Navy doctors may have fraudulently altered Bruce Cogburn's medical records to conceal evidence of their negligence.[2] Subsequent to this discovery, Bruce Cogburn filed an administrative claim with the Navy.[3] After the Navy denied the claim, plaintiffs commenced this lawsuit.[4]

Count I of the complaint alleges negligent failure to warn of asbestos-related health risks. Count II alleges failure to diagnose and treat Bruce Cogburn's asbestosis.[5] Included in Counts I and II are claims by Bruce Cogburn's daughter, Dineen Cogburn, for loss of consortium. Dineen Cogburn was not a claimant in her father's administrative claim with the Navy and has never filed an administrative claim with the Navy on her own behalf.

Defendant has filed a motion to dismiss for lack of subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1). Plaintiffs have filed a cross motion for partial summary judgment.

### I.

Defendant argues that the complaint must be dismissed because plaintiffs failed to file an administrative claim with the Navy within the two-year filing deadline imposed by section 2401(b) of the

---

1. Because of the procedural posture of the case—evaluation of defendant's motion to dismiss—all plaintiffs' allegations are taken as true.

2. Plaintiffs have produced the report of a document and handwriting expert stating that several alterations were made by one of Bruce Cogburn's doctors. Additionally, there is an allegation that the Navy doctors intentionally misidentified key records in their possession.

3. Bruce Cogburn's administrative claim was filed in September, 1986.

4. The complaint was filed in March, 1987.

5. Originally, the complaint contained a third Count which alleged negligence by the individual Navy doctors, Schultz and Pattavina. The doctors were dismissed from the case upon the government's stipulation that any alteration of Bruce Cogburn's medical records occurred within the scope of their employment. Additionally, the parties have agreed to the dismissal of the Department of the Navy as an improperly named defendant. Accordingly, the Navy's unopposed motion to dismiss is allowed.

FTCA. 28 U.S.C. § 2401(b).[6] Plaintiffs concede that more than two years elapsed between Bruce Cogburn's discovery of the Navy's misdiagnosis and the filing of his administrative claim. Plaintiffs, however, argue that the filing period should be equitably tolled because of the Navy doctors' alleged fraudulent concealment of their own negligence. Defendants respond that the two year filing requirement contained in § 2401(b) is jurisdictional and, therefore, not subject to equitable tolling.

The First Circuit has yet to determine whether § 2401(b) is subject to equitable tolling, or whether it is a jurisdictional prerequisite which must be strictly enforced. Courts from within this circuit have often labelled the § 2401(b) filing period "jurisdictional" without giving an explanation for their use of that nomenclature. *See e.g., Girard v. United States*, 455 F.Supp. 502, 503 (D.N.H.1978); *Miller v. United States*, 458 F.Supp. 363, 366 n. 5 (D.P.R.1978); *Buckmore v. United States*, C.A. 80–0095–F, Slip op. available on LEXIS (D.Mass. September 23, 1981) (Freedman, J.). *Cf. Hau v. United States*, 575 F.2d 1000, 1002–03 (1st Cir.1978) (affirming a lower court's dismissal for lack of subject matter jurisdiction because of a failure to file an administrative claim, while at the same time calling the § 2401(b) filing deadline a statute of limitations). Courts from outside this circuit have reached different conclusions as to whether § 2401(b) is jurisdictional, or whether it is subject to equitable tolling. *Compare Dimminie v. United States*, 728 F.2d 301, 305 (6th Cir.), *cert. denied*, 469 U.S. 842, 105 S.Ct. 146, 83 L.Ed.2d 85 (1984) (applying equitable tolling doctrine); *Gibson v. United States*, 781 F.2d 1334, 1345 (9th Cir.1986), *cert. denied*, 479 U.S. 1054, 107 S.Ct. 928, 93 L.Ed.2d 979 (1987) (same); *Socialist Workers Party v. Attorney General*, 642 F.Supp. 1357, 1402–14 (S.D.N.Y.1986) (same); *Cain v. United States*, 643 F.Supp. 175, 179–80 (S.D.N.Y. 1986) (same) *with Hammond v. United States*, 388 F.Supp. 928, 934 (E.D.N.Y.1975) (rejecting equitable tolling); *Lien v. Beehner*, 453 F.Supp. 604, 605–06 (N.D.N.Y. 1978) (same) (citing cases).

The Supreme Court has recognized that the filing period contained in § 2401(b) is a statute of limitations. *United States v. Kubrick*, 444 U.S. 111, 117, 100 S.Ct. 352, 357, 62 L.Ed.2d 259 (1979). Although statutes of limitation are meant to protect defendants from stale claims, fraudulent concealment normally will act to toll the limitations period. *See Holmberg v. Ambrecht*, 327 U.S. 392, 397, 66 S.Ct. 582, 585, 90 L.Ed. 743 (1946) (generally, equitable tolling is "read into every federal statute of limitations.").

Section 2401(b) is, however, more than an ordinary statute of limitations. It is also a condition of the United States' waiver of its sovereign immunity. Accordingly, courts are strictly constrained to read no more and no less into the statute than Congress intended. *Kubrick*, 444 U.S. at 117–18, 100 S.Ct. at 357. *See also Bowen v. City of New York*, 476 U.S. 467, 479–82, 106 S.Ct. 2022, 2029–31, 90 L.Ed.2d 462 (1986) (equitable tolling of the limitations period contained in the Social Security Act was appropriate because it was consistent with the legislative purpose).

An examination of the FTCA and its legislative history is necessary to determine whether equitable tolling of § 2401(b) is consistent with Congressional intent.

Section 2401(b) provides:

A tort claim against the United States *shall be forever barred* unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues.

28 U.S.C. § 2401(b) (emphasis added). The emphatic language used to describe the limitations period seems to indicate an intention to apply the two year filing period strictly. But other provisions in the FTCA point to a different conclusion. Section 2674 provides:

The United States shall be liable, respecting the provisions of this title relating to

---

6. That section states, in pertinent part: "A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues." 28 U.S.C. § 2401(b).

tort claims, *in the same manner and to the same extent as a private individual under like circumstances,* but shall not be liable for interest prior to judgment or for punitive damages.

28 U.S.C. § 2674 (emphasis added). Similarly, § 1346(b) defines the district court's jurisdiction under the FTCA as extending to:

personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, *under circumstances where the United States, if a private person, would be liable to the claimant.*

28 U.S.C. § 1346(b) (emphasis added).

When all the relevant provisions of the FTCA are read together, the language of the Act itself "mak[es] the Federal Government liable to the same extent as a private party for certain torts" by federal employees. *United States v. Orleans,* 425 U.S. 807, 813, 96 S.Ct. 1971, 1975, 48 L.Ed.2d 390 (1976).

The legislative history of the FTCA echoes Congress' intention to treat the federal government essentially the same as a private person for purposes of imposing tort liability. Congress sought through the FTCA to put U.S. government tort liability on par with its already established liability for contract, admiralty, and maritime torts, and with the waiver of tort immunity already adopted by several states. *See* House Committee on the Judiciary, *Tort Claims Against the United States,* H.R.

Report No. 1287, 79th Cong. 1st Sess. 1–5 (1945).[7] With the exception of a bar on punitive damages and pre-judgment interest, "the liability of the U.S. [was to] be the same as that of a private person under like circumstances." *Id.* at 4–5. The legislative history, therefore, indicates that Congress intended to incorporate standard tort principles into the FTCA. Where Congress sought to exclude specific tort concepts from the FTCA, it expressed itself in unambiguous language. *See* 28 U.S.C. § 2674 (barring recovery of punitive damages and prejudgment interest).

In view of the language, legislative history and purpose of the FTCA, this court holds that equitable tolling of § 2401(b) in appropriate circumstances is consistent with Congressional intent.[8]

## II.

This court's determination that § 2401(b) is subject to equitable tolling only begins the inquiry. After setting forth the legal basis for equitable tolling, each of the parties' claims will be evaluated to determine whether an adequate basis to toll the statute of limitations has been plead.

To defeat the government's motion to dismiss, plaintiffs must adequately aver that there was fraudulent concealment by defendant, and that plaintiffs were unable to discover the concealed information within the limitations period despite the exercise of reasonable diligence. *Maggio v. Gerard Freezer & Ice Co.,* 824 F.2d 123,

---

7. Although H.R.Rep. No. 1287 was produced three years before the FTCA was enacted, that does not diminish its usefulness in determining Congressional intent. None of the other contemporaneous committee reports were as comprehensive as H.R.Rep. No. 1287. And none of the other reports contradict anything contained in H.R.Rep. No. 1287. *See* S.Rep. No. 763, 80th Cong., 1st Sess. (1947); H.R.Rep. No. 748, 80th Cong., 1st Sess. (1947) U.S.Code Cong.Serv. 1947, p. 718; S.Rep. No. 135, 81st Cong., 1st Sess. (1949); H.R.Rep. No. 276, 81st Cong., 1st Sess. (1949) U.S.Code Cong.Serv. 1947, p. 66. Indeed, the only relevant change made in the intervening years to the FTCA was a decision reached in 1949 to lengthen the limitations period from one year to two years. *See* S.Rep. No.

135, 81st Cong., 1st Sess. (1949); H.R.Rep. No. 276, 81st Cong., 1st Sess. (1949).

8. Since the § 2401(b) filing period is not jurisdictional, plaintiffs' delay in filing does not undermine this court's subject matter jurisdiction over this action. Accordingly, defendants' motion to dismiss for lack of subject matter jurisdiction is denied. Insofar as defendants' motion argues against applying equitable tolling in the circumstances of this case, however, it will be treated as a motion to dismiss for failure to state a claim upon which relief can be granted. Plaintiffs' allegations will be treated as true, and decision on the merits reserved. This court makes no decision at this time as to whether or not any fraudulent alterations of Bruce Cogburn's medical records actually occurred.

128 (1st Cir.1987); *Berkson v. Del Monte Corp.*, 743 F.2d 53, 55 (1st Cir.1984), *cert. denied*, 470 U.S. 1056, 105 S.Ct. 1765, 84 L.Ed.2d 826 (1985). Plaintiff's duty of diligence is somewhat lesser if he shares a fiduciary relationship with the defendant. *Maggio*, 824 F.2d at 55.

Additionally, plaintiffs must show that the information alleged to have been fraudulently concealed by defendant was of sufficient materiality that, deprived of that information, plaintiffs were effectively barred from seeking redress in the courtroom. *Hohri v. United States*, 782 F.2d 227, 249–50 (D.C.Cir.1986), *cert. denied*, — U.S. ——, 109 S.Ct. 307, 102 L.Ed.2d 326 (1988); *Cain v. United States*, 643 F.Supp. 175, 179 (S.D.N.Y.1986). As the District of Columbia Circuit explained,

> Appellee argues that 'the facts giving notice of the particular cause of action at issue' include only the fact of injury and the identity of the inflictor.... We do not agree. As already noted, in assessing the import of fraudulent concealment we are first and foremost concerned with its *legal effect*. Once a defendant has effectively closed the courthouse door to all plaintiffs it is of little significance that the defendant has not also concealed his identity or the fact of injury.

*Hohri*, 782 F.2d at 249 (footnotes omitted) (emphasis in original). The court emphasized that tolling should not be allowed "whenever a defendant has concealed facts material to *any* legal issue of significance in a case ... [but] instead ... only when concealment has so impaired plaintiff's case that he is not able to survive a threshold motion to dismiss for failure to tender a claim that would advance beyond the pleading stage." *Id.* at 249 n. 57. Implicit in that is the principle that tolling should be applied whenever the material facts which defendant is alleged to have fraudulently concealed are so crucial that without them plaintiff has no reasonable basis to even initiate legal action. *See* Fed.R.Civ.P. 11 (all pleadings must be signed by an attorney signifying that the pleading is

"grounded in fact and warranted by existing law").

■ Plaintiffs' first claim alleges that the government negligently failed to warn Bruce Cogburn of the health risks associated with asbestosis. But the alleged fraudulent concealment of the negligent treatment of Bruce Cogburn by his own doctors bears no relation to this claim. Fraudulent concealment of the doctor's negligence would not have had any effect on plaintiffs' ability to discover any deficiencies that might have existed in the government's medical warning program. There is no allegation that the government in any way impeded the development of that cause of action. Consequently, equitable tolling is not appropriate for the claims contained in count I.[9]

■ Count II alleges a failure to properly diagnose and treat Bruce Cogburn's asbestosis. Here the tolling argument is appealing because the necessary connection exists between the facts alleged to have been concealed and the cause of action.

Plaintiffs have produced evidence that Navy doctors may have altered Bruce Cogburn's medical records to conceal the fact that they had ignored significant information from which a reasonable doctor would have detected asbestosis. In March 1983, Bruce Cogburn may have believed that his Navy doctors had been negligent. But due to the doctors' fraudulent concealment, he did not have a legal basis for that belief until 1986. And there is a difference between having a belief or a suspicion, and having knowledge of a legal wrong one has suffered. *See Harrison v. United States*, 708 F.2d 1023, 1027–28 (5th Cir.1983). Absent an adequate legal basis, conclusions based on suspicion, guesses, or surmise do not rise to the level of legal knowledge. *Id. See also* Fed.R.Civ.P. 11. In this case, the government is alleged to have frustrated plaintiffs' attempts to acquire knowledge by concealing the very information

---

**9.** Having concluded that count I is barred by § 2401(b), this court offers no opinion as to whether count I is barred by the discretionary function exception to the FTCA. *See* 28 U.S.C. § 2680(a).

that would have provided a reasonable basis for that knowledge.

Notwithstanding the alleged fraudulent concealment, the government contends that plaintiffs' cause of action accrued in March, 1983 when Bruce Cogburn was informed by a private physician that he had asbestosis, and that it had progressed at an increased rate as a result of the Navy doctors' failure to diagnose and treat the condition. The government relies on *United States v. Kubrick*, 444 U.S. 111, 122, 100 S.Ct. 352, 359, 62 L.Ed.2d 259 (1979), where the Court explained,

> a plaintiff in possession of the critical facts that he has been hurt and who has inflicted the injury ... is no longer at the mercy of the [defendant]. There are others who can tell him if he has been wronged, and he need only ask.

Although Bruce Cogburn knew the nature of his injury and its cause in 1983, he did all that *Kubrick* requires—he asked. If his medical records were fraudulently altered as alleged, asking alone would not suffice to release him from defendant's mercy.

Bruce Cogburn's failure to discover fraud by his own doctors was not for lack of diligence in pursuing a claim. Additionally, the fraud alleged is material—it goes to the very viability of the negligence claim. As illustrated by the advice Bruce Cogburn received from the first attorney with whom he consulted, the Navy doctors' concealment of the only hard evidence there could be of their negligence effectively rendered him without a reasonable basis for seeking legal redress. Plaintiffs, therefore, have plead a sufficient basis for equitably tolling the FTCA statute of limitations until 1986 as to count II.

### III.

■ Dineen Cogburn must surmount one additional hurdle before her claim for loss of consortium based on the doctors' negligence can go forward. Unlike her father, Dineen Cogburn never filed an administrative claim with the Navy. Rather, she filed an administrative claim with the Veteran's Administration, sent an attorney authorization letter to the Navy [10], and then filed the instant complaint.

Section 2401(b) requires an administrative claim to be "presented in writing to the appropriate Federal agency." 28 U.S.C. § 2401(b). Additionally, § 2675 precludes the filing of a lawsuit "unless the claimant shall have first presented the claim to the appropriate federal agency." 28 U.S.C. § 2675. The purpose behind the administrative claim requirement is to give the government an initial opportunity to carefully investigate the specifics of each individual claim against it and settle those claims which are meritorious. *Lopez v. United States*, 758 F.2d 806, 809–10 (1st Cir.1985); *Warren v. United States Department of Interior Bureau of Land Management*, 724 F.2d 776, 779 (9th Cir. 1984) (discussing the exhaustion requirement).

Filing a complaint in federal court does not comply with the plain meaning of the statute or its purposes. And the administrative claim that was filed with the Veteran's Administration failed to notify "the appropriate Federal agency," which in this case was the Department of the Navy.

The only document submitted to the correct agency was Dineen Cogburn's attorney authorization letter. For that letter to serve as an administrative claim it must comply with the Code of Federal Regulations. The regulations promulgated under the FTCA provide:

> [A] claim shall be deemed to have been presented when a Federal agency receives from a claimant, [or] his duly authorized agent or representative, an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain for injury to or loss of property,

---

**10.** Dineen Cogburn's letter to the Navy reads: "I hereby authorize Attorney John J. Loftus to represent me in all litigation arising out of my father, Bruce Cogburn's claims against the United States, its agencies, officers, and employees, whether founded on the Federal Tort Claims Act, or any other provision of federal statutes or Constitution."

personal injury, or death alleged to have occurred by reason of the incident.

28 C.F.R. § 14.2(a).

Dineen Cogburn's attorney authorization letter to the Navy did not contain any of the essential information required by 28 C.F.R. § 14.2(a). Moreover, the letter failed to give the government sufficient notice of her claim to allow the government to fully evaluate and dispose of her claim. Because the authorization letter failed to comply with the requirements for a proper administrative claim contained in the federal regulations and did not serve the purposes of § 2401(b), that letter does not satisfy the claim requirement.

Dineen Cogburn's failure to file an administrative claim with the Navy is fatal to her claims in this court. *See Eveland v. Director of C.I.A.*, 843 F.2d 46, 50 (1st Cir.1988) ("failure [to file an administrative claim] deprives the district court of jurisdiction."). Accordingly, the government's motion to dismiss each of Dineen Cogburn's claims is allowed.

## IV.

■ The remaining plaintiff, Bruce Cogburn, has moved for summary judgment on the issue of fraud.[11] This court's determination in § II *supra* that plaintiff has plead sufficient facts of fraudulent concealment to support equitable tolling of the limitations period does not make summary judgment appropriate on that issue. Summary judgment is only appropriate where "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed.R. Civ.P. 56(c).

The existence, timing and purpose of the alleged fraudulent alterations in plaintiff's medical records are all material facts that remain in dispute. Moreover, a determination of fraud often involves an inquiry into a defendant's state of mind, something which is rarely appropriate for summary judgment. *See Hahn v. Sargent*, 523 F.2d

461, 468 (1st Cir.1975), *cert. denied*, 425 U.S. 904, 96 S.Ct. 1495, 47 L.Ed.2d 754 (1976). Consequently, plaintiff's motion for summary judgment on the issue of fraud is denied.

An order will issue.

11. Plaintiff has also moved for summary judgment on count I of the complaint—failure to warn. As that count has already been dismissed for failure to file a timely administrative claim, the motion is denied as moot.