951 F.2d 272
 139 L.R.R.M. (BNA) 2068
 Clifton PIPKIN; Helen Pipkin, Plaintiffs-Appellants,
v.
UNITED STATES POSTAL SERVICE; Richard I. Carelton; E.C.
Huff; John Miller; Gary Collamore; Leroy Smith; Charles
Ed Pitts; Don Frazier; J.P. Turner; O.D. Curry; Mike
Cox; John Doe One; John Doe Two; John Doe Three,
Defendants-Appellees.
 No. 91-6006.
 United States Court of Appeals,
Tenth Circuit.
 Dec. 12, 1991.
 
 Kelley L. Cornelius, Oklahoma City, Okl., for plaintiffs-appellants.
 Timothy D. Leonard, U.S. Atty., Robert A. Bradford, Asst. U.S. Atty., Oklahoma City, Okl., Jesse L. Butler, Asst. Gen. Counsel, Lori J. Dym, Atty., Office of Labor Law, U.S. Postal Service, Washington, D.C., for defendants-appellees.
 Before SEYMOUR, EBEL, Circuit Judges, and BABCOCK,* District Judge.
 SEYMOUR, Circuit Judge.
 
 
 1
 Mr. and Mrs. Pipkin appeal the district court orders dismissing their claims asserted under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), against individual United States Postal Service employees, and their claims asserted under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346, 2671-2680, against the United States Postal Service (USPS).[1] Plaintiffs alleged that the individual postal employees devised and implemented a plan to drive Mr. Pipkin from his postal service job and that the USPS was liable on a theory of respondeat superior.
 
 
 2
 The issues presented by this appeal are whether procedural defects bar the FTCA claims, and whether grievance procedures provided by the applicable collective bargaining agreement preclude plaintiffs' Bivens claims. Reviewing the district court's orders dismissing these claims de novo, see Morgan v. City of Rawlins, 792 F.2d 975, 978 (10th Cir.1986), we affirm.
 
 I.
 
 3
 The first question is whether procedural defects bar plaintiffs' FTCA claims. Exhaustion of administrative claims is a jurisdictional prerequisite to asserting claims under the FTCA. 28 U.S.C. § 2675; see Nero v. Cherokee Nation of Okla., 892 F.2d 1457, 1463 (10th Cir.1989). Although plaintiffs failed to file administrative claims pursuant to USPS regulations, 39 C.F.R. §§ 912.1-912.14, they assert that they sufficiently exhausted their administrative remedies through grievances Mr. Pipkin filed with the USPS.
 
 
 4
 Mrs. Pipkin, however, never asserted any administrative claim on her own behalf, nor did Mr. Pipkin specifically assert a loss of consortium claim in his USPS grievance. Thus, Mrs. Pipkin completely failed to exhaust her administrative remedies. See, Adams ex rel. Adams v. United States Dep't of Housing & Urban Dev., 807 F.2d 318, 319-20 (2d Cir.1986); Cogburn v. United States, 717 F.Supp. 958, 963 (D.Mass.1989); Wozniak v. United States, 701 F.Supp. 259, 262-63 (D.Mass.1988).
 
 
 5
 We elect not to decide the exhaustion issue with respect to Mr. Pipkin because there is another procedural bar to his claim. Assuming without deciding that Mr. Pipkin's administrative grievances sufficed to exhaust his administrative remedies, we address whether Mr. Pipkin commenced this FTCA action in a timely manner.
 
 
 6
 A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.
 
 
 7
 28 U.S.C. § 2401(b). Mr. Pipkin filed his last grievance related to these claims with the USPS on December 21, 1987. An arbitration panel denied that grievance on July 23, 1988. Mr. Pipkin asserts that because he did not receive notice of the denial of the grievance by "certified or registered mail," section 2401(b)'s limitations period never began to run. Mr. Pipkin does not claim that he did not receive the arbitration panel's decision, only that notice of the decision was not sent to him in the manner prescribed by section 2401(b).
 
 
 8
 Within six months of the arbitration decision, Mr. Pipkin commenced a previous FTCA action based upon these same claims, which was dismissed without prejudice for failure to prosecute. It is thus apparent that Mr. Pipkin was not prejudiced by the agency's failure to send the arbitration decision to him by registered or certified mail. Cf. Sanderford v. Prudential Ins. Co., 902 F.2d 897, 900-01 (11th Cir.1990) (minor technical flaw in summons did not prejudice recipient and will not deprive court of personal jurisdiction); Datskow v. Teledyne, Inc., Continental Prods. Div., 899 F.2d 1298, 1302-03 (2d Cir.) (participation in litigation without challenging service of process waives defense of lack of personal jurisdiction), cert. denied, --- U.S. ----, 111 S.Ct. 149, 112 L.Ed.2d 116 (1990). Because Mr. Pipkin received actual notice of the denial of his grievance, we conclude that the lack of certification or registration of the mail did not prevent section 2401(b)'s limitations period from running. Cf. United States ex rel. Moody v. American Ins. Co., 835 F.2d 745, 747-48 (10th Cir.1987) (surety's actual notice of subcontractor's claim governed by Miller Act, 40 U.S.C. § 270b, sufficient even though subcontractor failed to send notice by registered mail as required by statute); Kitchens v. Bryan County Nat'l Bank, 825 F.2d 248, 255-56 (10th Cir.1987) (federal courts generally take permissive attitude toward mechanism employed to effect service of process under Fed.R.Civ.P. 4, when defendant receives actual notice).
 
 
 9
 Mr. Pipkin commenced the present action on May 2, 1990. Even if we could assume that the first FTCA action, filed November 12, 1988, and dismissed May 23, 1989, tolled the limitations period, but see Garrett v. United States, 640 F.2d 24, 26 (6th Cir.1981) (relying on Kington v. United States, 396 F.2d 9, 10 (6th Cir.), cert. denied, 393 U.S. 960, 89 S.Ct. 396, 21 L.Ed.2d 373 (1968)), Mr. Pipkin commenced the current FTCA action well beyond six months after the denial of the grievance. He argues, however, that Okla.Stat. tit. 12, § 100 extends the FTCA limitations period. That statute provides:
 
 
 10
 If any action is commenced within due time, and a judgment thereon for the plaintiff is reversed, or if the plaintiff fail in such action otherwise than upon the merits, the plaintiff ... may commence a new action within one (1) year after the reversal or failure although the time limit for commencing the action shall have expired before the new action is filed.
 
 
 11
 Okla.Stat. tit. 12, § 100.
 
 
 12
 We do not agree that the state tolling provision in this case enlarges the time provided by Congress for filing a federal tort claim. The general rule is that a court looks to state law to define the time limitation applicable to a federal claim only when "Congress has failed to provide a statute of limitations for a federal cause of action." Lampf, Pleva, Lipkind, Prupis & Petigrow v. Gilbertson, --- U.S. ----, 111 S.Ct. 2773, 2778, 115 L.Ed.2d 321 (1991). Statute 28 U.S.C. § 2401(b) states that an FTCA claim "shall be forever barred unless ... [the] action is begun within six months after the date of mailing ... of final denial of the claim by the agency to which it was presented." Congress has expressly stated the applicable limitation period for FTCA claims and reference to state law is therefore inappropriate. While we recognize that equitable considerations may permit the extension of time limits on federal claims, Mr. Pipkin does not fall within the narrowly defined class of cases in which a federal statute of limitations is equitably tolled. See Irwin v. Veterans Admin., --- U.S. ----, 111 S.Ct. 453, 458, 112 L.Ed.2d 435 (1990) (equitable tolling doctrine may be applied to federal claims, but doctrine does not extend to a "garden variety claim of excusable neglect").
 
 
 13
 Our holding in this respect comports with precedent recognizing that the FTCA represents a waiver of the sovereign immunity of the United States, and, as such, must be strictly construed. Irwin, 111 S.Ct. at 456; Soriano v. United States, 352 U.S. 270, 276, 77 S.Ct. 269, 273, 1 L.Ed.2d 306 (1957); see United States v. Kubrick, 444 U.S. 111, 117-18, 100 S.Ct. 352, 356-57, 62 L.Ed.2d 259 (1979). In enacting the FTCA limitations period, 28 U.S.C. § 2401(b), as a condition of that waiver, Congress struck a balance between providing a reasonable time for plaintiffs to present tort claims against the United States and preventing assertion of stale claims. See Kubrick, 444 U.S. at 117, 100 S.Ct. at 356-57. Courts are not free to construe section 2401(b) so as to defeat that section's purpose of encouraging prompt presentation of claims against the federal government. Id. The limitations period is a meritorious defense that is itself in the public interest. Id. Therefore, in construing the FTCA's statute of limitations, courts should not extend that waiver beyond congressional intent. See Kubrick, 444 U.S. at 117-18, 100 S.Ct. at 356-57; see also Anderberg v. United States, 718 F.2d 976, 977 (10th Cir.1983), cert. denied, 466 U.S. 939, 104 S.Ct. 1916, 80 L.Ed.2d 463 (1984); cf. Lampf, 111 S.Ct. at 2782 (statute of limitations for 10(b) claims under the Securities Exchange Act of 1934 not subject to equitable tolling because the doctrine is "fundamentally inconsistent" with the time limitations imposed by the Act).
 
 
 14
 We hold that the Oklahoma saving provision is not applicable to the FTCA limitations period. Cf. Sexton v. United States, 832 F.2d 629, 633 n. 4 (D.C.Cir.1987) (section 2401 must be interpreted by reference to federal law in determining when claim accrues); Vega-Velez v. United States, 627 F.Supp. 773, 777 (D.P.R.), aff'd, 800 F.2d 288 (1st Cir.1986). Because Mr. Pipkin failed to commence his FTCA claims in a timely manner, the district court's order dismissing these claims was not erroneous.
 
 II.
 
 15
 We must next decide whether the grievance and arbitration procedures available to Mr. Pipkin through the applicable collective bargaining agreement between the USPS and its employees preclude plaintiffs' Bivens claims. When Congress has acted to create a comprehensive statutory scheme to address a particular class of claims, the courts will not act to create additional judicial remedies, see Schweiker v. Chilicky, 487 U.S. 412, 425-29, 108 S.Ct. 2460, 2468-71, 101 L.Ed.2d 370 (1988), even where a particular litigant does not have a remedy available under the statutory scheme, see id. at 425, 108 S.Ct. at 2468-69; United States v. Fausto, 484 U.S. 439, 455, 108 S.Ct. 668, 677, 98 L.Ed.2d 830 (1988). This is particularly true in federal employment relationships, where Congress has provided a comprehensive civil service scheme to address disputes. See Bush v. Lucas, 462 U.S. 367, 368, 381-91, 103 S.Ct. 2404, 2406, 2413-18, 76 L.Ed.2d 648 (1983); see also Brothers v. Custis, 886 F.2d 1282, 1283-85 (10th Cir.1989); Hill v. Department of Air Force, 884 F.2d 1318, 1320-21 (10th Cir.1989).
 
 
 16
 Congress expressly authorized the USPS to adopt comprehensive binding arbitration provisions in its collective bargaining agreements between the USPS and its employees. 39 U.S.C. § 1206(b). The applicable collective bargaining agreement provided grievance procedures, including arbitration, to address plaintiffs' disputes arising from the employment relationship. Because Congress has provided a comprehensive procedure to address postal employees' constitutional claims arising from their employment relationship with the USPS, those arbitration procedures preclude plaintiffs' Bivens claims. Roman v. United States Postal Serv., 821 F.2d 382, 386 (7th Cir.1987); McCollum v. Bolger, 794 F.2d 602, 607 (11th Cir.1986), cert. denied, 479 U.S. 1034, 107 S.Ct. 883, 93 L.Ed.2d 836 (1987).
 
 
 17
 The orders of the United States District Court for the Western District of Oklahoma are AFFIRMED.
 
 
 
 *
 Honorable Lewis T. Babcock, District Judge, United States District Court for the District of Colorado, sitting by designation
 
 
 [1]
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument