Parow v. Runyon                     CV-94-251-SD   02/23/95

UNITED STATES DISTRICT COURT FOR THE

                        DISTRICT OF NEW HAMPSHIRE


<u>Richard J. Parow</u>

        v.                                    Civil No. 94-251-SD

<u>Marvin T. Runyon,</u>
  <u>Postmaster General, et al</u>


                              O R D E R


    Pro se plaintiff Richard J. Parow brings this civil action

against Postmaster General Marvin T. Runyon and against Joseph J.

Fanciullo, Leo Scott Murray, and Robert W. Gauthier, all of whom

are supervisors at the Salem, New Hampshire, Post Office where

Parow is employed.  Parow asserts claims of sex discrimination in

violation of Title VII of the Civil Rights Act of 1965, age

discrimination in violation of the Age Discrimination in

Employment Act (ADEA), and a violation of his Fifth Amendment

procedural due process rights.

    Presently before the court is defendants' motion to dismiss

plaintiff's sex and age discrimination claims against defendants

Fanciullo, Murray, and Gauthier under Rule 12(b)(1), Fed. R. Civ.

P., and to dismiss plaintiff's due process claim under Rules

12(b)(1) and 12(b)(6).  Plaintiff, despite having been granted

three extensions of time to file a response to defendants'

motion, has failed to file any response as of the date of this order.[1]

Discussion

1. Standards of Review

    a. Rule 12(b)(1) Standard

"When faced with a motion to dismiss for lack of subject matter jurisdiction, Rule 12(b)(1), Fed. R. Civ. P., the party asserting jurisdiction has the burden to establish by competent proof that jurisdiction exists." Stone v. Dartmouth College, 682 F. Supp. 106, 107 (D.N.H. 1988) (citing O'Toole v. Arlington Trust Co., 681 F.2d 94, 98 (1st Cir. 1982); C. WRIGHT & A. MILLER, 5 FEDERAL PRACTICE AND PROCEDURE § 1350, at 555 (1969 & Supp. 1987)).

In determining whether it is vested with the jurisdiction to hear a case, the court construes the allegations of the complaint in the plaintiff's favor. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). The court may also consider evidence outside the pleadings without converting a motion to dismiss under Rule 12(b)(1) into one for summary judgment. Richmond, Fredericksburg & Potomac R. Co. v. United States, ___ U.S. ___, 112 S. Ct. 1667 (1992); Lawrence v. Dunbar, 919 F.2d 1525, 1529 (11th Cir. 1990).

_____

[1]In granting plaintiff's third motion to extend time, the court extended plaintiff's time to respond to defendants' motion to February 6, 1995.

b.  Rule 12(b)(6) Standard

When a court is presented with a motion to dismiss filed under Rule 12(b)(6), Fed. R. Civ. P., "its task is necessarily a limited one.  The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

In reviewing the sufficiency of a complaint, the court accepts "the factual averments contained in the complaint as true, indulging every reasonable inference helpful to the plaintiff's cause."  Garita Hotel Ltd. Partnership v. Ponce Fed. Bank, F.S.B., 958 F.2d 15, 17 (1st Cir. 1992).  Applying this standard, the court will grant a motion to dismiss "'only if it clearly appears, according to the facts alleged, that the plaintiff cannot recover on any viable theory.'"  Id. (quoting Correa-Martinez v. Arrilaga-Belendez, 903 F.2d 49, 52 (1st Cir. 1990)).


2.  The Discrimination Claims

Defendants move to dismiss plaintiff's Title VII and ADEA claims against defendants Fanciullo, Murray, and Gauthier on the ground that they are not proper defendants.

### a. Title VII Claims (Counts I and II)

When an employee of the federal government brings a civil action for employment discrimination, Title VII requires that "the head of the department, agency, or unit, as appropriate, shall be the defendant." 42 U.S.C. § 2000e-16 (1994) (emphasis added). "In cases brought against the Postal Service, the Postmaster General is the only properly named defendant." Soto v. United States Postal Service, 905 F.2d 537, 539 (1st Cir. 1990) (citing Rys v. United States Postal Service, 886 F.2d 443, 445 (1st Cir. 1989)), cert. denied, 498 U.S. 1027 (1991). "A district court should dismiss claims brought against all other defendants, including the U.S. Postal Service[,] the local postmaster[,]" id., and the employee's local supervisors, Rys, supra, 886 F.2d at 444-45.

Plaintiff's Title VII claims are herewith dismissed as to defendants Fanciullo, Murray, and Gauthier.

### b. ADEA Claim (Count III)

Claims of age discrimination by federal employees are governed by section 15 of the ADEA, 29 U.S.C. § 633a. Section 15 does not specify who can be named as a defendant in an age discrimination suit brought by a federal employee. See 29 U.S.C. § 633a. However, the First Circuit has recognized that

4

> the ADEA amendment prohibiting federal-sector age discrimination [29 U.S.C. § 633a] was patterned after 42 U.S.C. § 2000e-16(a), (b), the amendments to Title VII extending that statute's protection to federal employees. The federal employment age discrimination amendment was thus intended to be "'substantially similar to'" the federal workplace counterpart in Title VII.

Lavery v. Marsh, 918 F.2d 1022, 1025 (1st Cir. 1990) (citing and quoting Lehman v. Nakshian, 453 U.S. 156, 163-64, 167 n.15 (1981) (quoting remarks of Senator Bentsen, 118 Cong. Rec. 24397 (1972))). "When a provision of the ADEA can be traced to a complimentary section of Title VII, the two should be construed consistently." Romain v. Shear, 799 F.2d 1416, 1418 (9th Cir. 1986) (citing Oscar Mayer & Co. v. Evans, 441 U.S. 750, 756 (1979)), cert. denied, 481 U.S. 1050 (1987).

The First Circuit has not yet addressed the issue of whether the only proper defendant in a civil action brought under 29 U.S.C. § 633a is the head of the appropriate department, agency, or unit.[2] Other circuits having addressed the issue have uniformly held that the only proper defendant in such an ADEA

---

[2]The two district courts in this circuit that have considered the issue are in disagreement. Compare Meyer v. Runyon, 869 F. Supp. 70, 76 (D. Mass. 1994) (the only proper defendant in an ADEA action brought by a federal employee is the head of the federal agency or department that employs the plaintiff), with Shostak v. United States Postal Service, 655 F. Supp. 764, 765 (D. Me. 1987) (the ADEA does not limit whom a federal employee can properly name as a defendant in a civil action brought under 29 U.S.C. § 633a).

action is the head of the appropriate department, agency, or unit.  See Honeycutt v. Long, 861 F.2d 1346, 1348-49 (5th Cir. 1988); Ellis v. United States Postal Service, 784 F.2d 835, 838 (7th Cir. 1986); Romain, supra, 799 F.2d at 1418.  See also Attwell v. Granger, 748 F. Supp. 866, 873 (N.D. Ga. 1990), aff'd without opinion, 940 F.2d 673 (11th Cir. 1991); Rattner v. Bennett, 701 F. Supp. 7, 9 (D.D.C. 1988).

This court agrees with the reasoning employed and the results reached by the above-cited courts.  Title 29 U.S.C. § 633a is patterned directly after 42 U.S.C. § 2000e-16.  E.g., Nakshian, supra, 453 U.S. at 167, n.15.  The purposes of both sections are identical--to eliminate discrimination in employment by the federal government.  Further, the measures used to protect federal employees from age discrimination in section 633a were intended to be "substantially similar to those incorporated" in 42 U.S.C. § 2000e-16.  Nakshian, supra, 453 U.S. at 166-67 n.16 (citing 118 Cong. Rec. 24397 (1972)).  It follows that claims of discrimination brought by federal employees under the ADEA should be subject to the same requirements as claims of discrimination brought by such employees under Title VII, including the requirement that the head of the appropriate department, agency, or unit "shall be the defendant."  42 U.S.C. § 2000e-16(c).  The court further notes that applying this requirement to 29 U.S.C. §

6

633a does not in any way impede the purposes of the ADEA or interfere with the ADEA's remedial scheme. <u>Ellis</u>, <u>supra</u>, 784 F.2d at 838; <u>Gillispie v. Helms</u>, 559 F. Supp. 40, 41 (W.D. Mo. 1983).

Accordingly, the court rules that the only proper defendant to plaintiff's ADEA claim is the Postmaster General. Plaintiff's ADEA claim is therefore dismissed as to defendants Fanciullo, Murray, and Gauthier.

### 3. The Due Process Claim (Count IV)

In Count IV of his complaint, Parow alleges that the defendants violated his procedural due process rights by changing his seniority date, thereby causing him to lose seniority status, without notice and an opportunity to protect his interests. Complaint ¶¶ 24, 47. Parow, working with his American Postal Workers' Union representative, has attempted to resolve this seniority issue through established grievance procedures. <u>Id.</u> ¶¶ 26-27. However, those efforts have been unsuccessful. <u>Id.</u> ¶ 28.

Parow does not indicate in his complaint whether he is asserting his due process claim against defendants Fanciullo, Murray, and Gauthier in their individual capacities. However, because Parow is pro se, the court assumes for purposes of this order that said defendants are named in their individual

7

capacities.

The Supreme Court has permitted

> [s]o-called "<u>Bivens</u> actions"[3] for money damages against federal officials under [28 U.S.C.] § 1331 for violations of the Due Process Clause of the Fifth Amendment . . . [when the Court has] found that there were no "special factors counselling hesitation in the absence of affirmative action by Congress," no explicit statutory prohibition against the relief sought, and no exclusive statutory alternative remedy.

<u>Schweiker v. Chilicky</u>, 487 U.S. 412, 421 (1988) (citing <u>Davis v. Passman</u>, 442 U.S. 228, 246-47 (1979)).  However, "[w]hen Congress creates a comprehensive remedial scheme, <u>Bivens</u> actions cannot be used to supplement that scheme."  <u>Pereira v. United States Postal Service</u>, 964 F.2d 873, 875 (9th Cir. 1992) (citing <u>Bush v. Lucas</u>, 462 U.S. 367, 389 (1983); <u>Schweiker</u>, <u>supra</u>, 487 U.S. at 423).  <u>See also</u> <u>Pipkin v. United States Postal Service</u>, 951 F.2d 272, 275 (10th Cir. 1991) ("When Congress has acted to create a comprehensive statutory scheme to address a particular class of claims, the courts will not act to create additional judicial remedies . . . . ").  "This is particularly true in federal employment relationships, where Congress has provided a

---

[3]In <u>Bivens v. Six Unknown Fed. Narcotics Agents</u>, 403 U.S. 388 (1971), the Supreme Court permitted the plaintiff to bring a civil action in federal court for money damages against federal officers for the violation of plaintiff's Fourth Amendment rights by those officers.

comprehensive civil service scheme to address disputes." <u>Pipkin</u>, <u>supra</u>, 951 F.2d at 275.

Congress has created a comprehensive scheme governing employment within the Postal Service and employee-management agreements as part of the Postal Reorganization Act, 39 U.S.C. §§ 1001-1011, 1201-1209 (1980 & Supp. 1994). The Act includes a provision expressly authorizing the Postal Service to agree to collective-bargaining agreements between the Postal Service and bargaining representatives that "include any procedures for resolution by the parties of grievances and adverse actions arising under the agreement, including procedures culminating in binding third-party arbitration . . . ." 39 U.S.C. § 1206(b). The collective bargaining agreement governing plaintiff's employment provides grievance procedures, including binding arbitration, to resolve disputes such as plaintiff's disagreement with his change in seniority. <u>See</u> Agreement between United States Postal Union, AFL-CIO, National Assoc. of Letter Carriers, AFL-CIO, 1990-1994 (attached to Defendants' Motion).

Because the comprehensive scheme established by Congress in the Postal Reorganization Act to address disputes arising from an individual's employment with the Postal Service provides a remedy for plaintiff's claim regarding his change in seniority, the court finds that said scheme precludes plaintiff from asserting a

9

separate _Bivens_ claim against defendants Fanciullo, Murray, and Gauthier. _E.g._, _Pereira_, _supra_, 964 F.2d at 875-76 (precluding the use of _Bivens_ actions to supplement the remedial scheme of the Postal Reorganization Act); _Pipkin_, _supra_, 951 F.2d at 275-76 ("Because Congress has provided a comprehensive procedure to address postal employees' constitutional claims arising from their employment relationship with the USPS, those arbitration procedures preclude plaintiffs' _Bivens_ claims.").

The court further finds that, to the extent that Count VI can be read to assert a due process claim against the Postmaster General as head of the Postal Service, said claim is also precluded by the comprehensive remedial scheme created by the Postal Reorganization Act and embodied in the collective-bargaining agreement governing plaintiff's employment with the Postal Service. _E.g._, _Roman v. United States Postal Service_, 821 F.2d 382, 385-86 (7th Cir. 1987) (affirming district court's dismissal of plaintiff's due process claim against the Postal Service because plaintiff's rights were protected by the collective-bargaining agreement governing his employment).

Defendants' motion to dismiss plaintiff's due process claim is therefore granted.

<u>Conclusion</u>

For the reasons set forth herein, defendants' motion to dismiss plaintiff's sex and age discrimination claims as to defendants Fanciullo, Murray, and Gauthier and to dismiss plaintiff's due process claim as to all defendants is granted.

SO ORDERED.

_____
Shane Devine, Senior Judge
United States District Court

February 23, 1995

cc:  Richard J. Parow, pro se
     Gretchen Leah Witt, Esq.

11