IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-60081
_____

MARY FRANCES FLORY,

Plaintiff-Appellant,

versus

UNITED STATES OF AMERICA,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Mississippi
_____

March 30, 1998

Before HIGGINBOTHAM and STEWART, Circuit Judges, and WALTER,[*]
District Judge.

DONALD E. WALTER, District Judge:

Plaintiff-appellant Mary Francis Flory ("Flory") appeals the
district court's dismissal of her case.  The district court
granted summary judgment in favor of the United States, finding
that Flory had received actual notice of her denied tort claim,
therefore she was time-barred from proceeding under the Federal
Tort Claims Act ("FTCA").  For the following reasons, we REVERSE
and REMAND for further proceedings.

I.   BACKGROUND

On December 19, 1991, Flory entered a United States Post
Office ("Post Office") to pick up mail for her employer.

_____

[*]     District Judge of the Western District of Louisiana,
sitting by designation.

Carrying a large cardboard box filled with mail, Flory tripped over a dolly holding a metal garbage can when leaving the Post Office. A United States Postal Service ("Postal Service") employee had allegedly parked the dolly in the lobby of the Post Office without warning customers. Flory alleges that she suffered injuries as a result of her fall.

Flory filed a timely administrative claim with the Postal Service. By letter dated December 20, 1993, the Postal Service offered to settle Flory's claim in the amount of incurred medical expenses. Alternatively, if Flory did not accept the settlement, the letter denied her claim.[2] The letter was sent by regular mail.

Nearly five months later, Flory filed suit ("Flory I") against the United States pursuant to the FTCA alleging negligence by the Post Office in maintaining its premises. The United States moved to dismiss the suit for lack of jurisdiction, as Flory failed to serve the Attorney General of the United States as required by FED. R. CIV. P. 4(I)(1)(B).[3] In June 1995, the district court dismissed Flory I due to this procedural defect. Although the court dismissed suit without prejudice, the court noted that the statute of limitations had run and "the

---

[2] The letter states, "In the event this offer is not acceptable then the claim is denied. Your client will then have six (6) months from the date of the mailing of this letter to institute suit in the proper Federal District Court to seek recovery for her damages." Record on Appeal, vol. 1, p. 56.

[3] Flory served the United States Attorney's office for the Southern District of Mississippi, but failed to serve the Attorney General of the United States.

practical effect of this dismissal is that it is done with prejudice."[4] We affirmed the district court's judgment of dismissal in Flory v. United States, 79 F.3d 24 (5th Cir. 1996).

In June 1996, Flory filed a second complaint ("Flory II") renewing the allegations in Flory I.[5] In Flory II, Flory further asserts:

> A timely request for a resolution of this claim was filed with the United States Postal Service on May 25, 1993 (Exhibit "A"). Settlement negotiations failed, which resulted in a denial of the claim, but which denial has not been furnished the Plaintiff herein under the provisions of 28 USCS Section 2401(b), requiring certified or registered mailing.[6]

The United States filed a motion to dismiss, or in the alternative, for summary judgment, asserting that Flory II was untimely. The district court treated the motion as one for summary judgment. The court granted summary judgment in favor of the United States, holding that Flory received actual notice of the denial of her claim and that the applicable statute of limitations barred her claim.

## II. ANALYSIS

We review the district court's grant of summary judgment de novo. Melton v. Teachers Ins. & Annuity Ass'n of America, 114 F.3d 557, 559 (5th Cir. 1997). Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to

---

[4] Record on Appeal, vol. 1, p. 38.

[5] Flory properly served the Attorney General of the United States in Flory II.

[6] Record on Appeal, vol. 1, p. 1.

interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c).  Evidence is viewed in the light most favorable to the party opposing the motion. River Prod. Co. Inc. v. Baker Hughes Prod. Tools, Inc., 98 F.3d 857, 859 (5th Cir. 1996).

Presentment of a claim to the appropriate agency and denial of that claim by the agency in writing, sent by registered or certified mail, are prerequisites to a tort suit brought against the United States. 28 U.S.C. § 2675(a).[7]  If the agency fails to dispose of the claim within six months of filing, the claimant has the option, any time thereafter, to deem a final denial of the claim for purposes of § 2675(a). Id.

The statute of limitations for a tort claim against the United States provides:

> A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

28 U.S.C. § 2401(b).  It is well-settled that these limitation

---

[7]     "Final denial of an administrative claim shall be in writing and sent to the claimant, his attorney, or legal representative by certified or registered mail.  The notification of final denial may include a statement of the reasons for the denial and shall include a statement that, if the claimant is dissatisfied with the agency action, he may file suit in an appropriate U.S. District Court not later than 6 months after the date of mailing of the notification." 28 C.F.R. § 14.9(a).  The Postal Service's letter denying Flory's claim meets all of these requirements except for mailing by certified or registered mail.

4

periods are jurisdictional. <u>Price v. United States</u>, 69 F.3d 46, 54 (5th Cir. 1995), *cert. denied*, ---U.S.---, 117 S.Ct. 295 (1996); <u>Houston v. United States Postal Service</u>, 823 F.2d 896, 902 (5th Cir. 1987), *cert. denied*, 485 U.S. 1006, 108 S.Ct. 1470 (1988).

Flory's argument at both the district court level and on appeal is simply that her denial letter sent by regular mail does not trigger the six-month period of limitation under 28 U.S.C. § 2401(b), as § 2401(b) requires a final denial sent by certified or registered mail. <u>See</u> <u>Johnson v. United States</u>, 652 F.Supp. 407 (E.D. Va. 1987)(plaintiff's suit was timely although filed over six months after actual receipt of denial letter by regular mail).[8]  The district court, finding no Fifth Circuit law on this issue, held that because Flory received actual notice of the denial of her claim and relied upon such denial in filing her <u>Flory I</u> complaint, the statute of limitations had run.[9]

The district court and the United States rely upon a Tenth Circuit case, <u>Pipkin v. United States Postal Service</u>, 951 F.2d 272 (10th Cir. 1991), whose factual background is similar to Flory's case.  In <u>Pipkin</u>, an arbitration panel denied the

---

[8]    Flory also cites <u>Parker v. United States</u>, 935 F.2d 176 (9th Cir. 1991), and <u>Raddatz v. United States</u>, 750 F.2d 791 (9th Cir. 1984), for this proposition; these cases are distinguishable on their facts.

[9]    The district court found that Flory relied upon the denial letter in filing her <u>Flory I</u> complaint based on language in the complaint: "This suit is brought within the six month limitation period following the rejection of the present claim as provided by the Federal Tort Claims Act 28 U.S.C. Section 2675(a)." Record on Appeal, vol. 1, p. 41.

plaintiff's grievance; the plaintiff received actual notice of the denial, although not by certified or registered mail. The plaintiff filed suit within six months of the arbitration decision, but suit was subsequently dismissed without prejudice for failure to prosecute. The plaintiff filed a second complaint that was dismissed as untimely. On appeal, the Tenth Circuit affirmed the dismissal, holding that the six-month period of limitations applied, although denial had not been sent by certified or registered mail. Id. at 274. The Pipkin court found that the plaintiff was not prejudiced by the agency's failure to send notice of denial by certified or registered mail, as the plaintiff filed his first complaint within six months of the arbitration decision. Id. In Flory II, the district court likewise concluded that Flory was not prejudiced.[10]

The purpose of § 2401(b) is to encourage prompt presentation of claims. See United States v. Kubrick, 444 U.S. 111, 117, 100 S.Ct. 352, 357 (1979). Notice by certified or registered mail provides certainty that the claimant receives notice. The United States asserts that Flory's actual notice and acknowledgment of receiving the denial letter satisfies these purposes.

Also, the United States notes that the language of §§ 2401(b) and 2675(a) requires that a final denial be "mailed" or "sent"—— actual notice and receipt is not addressed by the

---

[10] The district court supported its decision that Flory was not prejudiced by the fact that Flory never argued the flawed denial letter in Flory I, either to the district court or the Fifth Circuit on appeal.

6

statutes.  Because waivers of sovereign immunity are strictly construed and ambiguities in statutory language are construed in favor of immunity, Lane v. Pena, 518 U.S. 187, 116 S.Ct. 2092, 2096 (1996), the United States contends that Flory's actual notice and reliance on that notice is sufficient to start the running of the six-month statute of limitations from the date of the letter.

We decline to reach the merits of the United States' arguments.  In Flory I, the United States received actual notice of Flory's FTCA suit through Flory's service upon the United States Attorney for the Southern District of Mississippi.  However, the United States was granted its motion to dismiss Flory I because Flory did not follow the letter of the law in serving the Attorney General of the United States.  The United States now asks us to look beyond the letter of the law, that plainly requires notice of denial sent by certified or registered mail, because Flory received actual notice of denial.  On the one hand, actual notice is insufficient for the United States, and on the other, it is sufficient.  We decline to extend the reading of §§ 2401(b) and 2675(a) to include an actual notice exception in this case because "he who comes into equity must come with clean hands." See Precision Instrument Mfg. Co. v. Automotive Maintenance Mach. Co., 324 U.S. 806, 814-15, 65 S.Ct. 993, 997-98 (1945).[11]

---

[11]    Upon so concluding, we decline to reach the merits of the United States' alternative argument that Flory deemed her complaint constructively denied in Flory I, thus, the six-month

III. CONCLUSION

For the foregoing reasons, we hold that Flory is not time-barred from asserting her cause of action against the United States.  Accordingly, we REVERSE the district court's grant of summary judgment in favor of the United States, and REMAND for further proceedings.

---

period of limitations should run from the date of constructive denial.