**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

---

**No. 99-60930
Summary Calendar**

---

**ROBERT SMITH; MARTHA J. SMITH,**

**Plaintiffs-Appellants,**

**versus**

**UNITED STATES OF AMERICA,**

**Defendant-Appellee.**

--------------------
Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 1:98-CV-249-S-D
--------------------
December 19, 2000
Before DAVIS, JONES, and DeMOSS, CIRCUIT JUDGES.

PER CURIAM:[*]

Robert and Martha Smith appeal from the district court's dismissal of their claims against the United States as untimely pursuant to the Federal Tort Claims Act. Finding no error after a <u>de novo</u> review of the record, we affirm.

The Smiths argue that their claims should not have been dismissed because the original defendant in this action, Trina Hamlin, maintained private liability insurance with the Farm Bureau Insurance Company on the car she was driving at the time of the accident which gave rise to this suit. The Smiths contend that Farm Bureau should have been joined as a defendant. The district

---

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

court did not err in denying the Smiths' motion to join the liability insurer. The Federal Tort Claims Act provides an exclusive remedy against the United States for a plaintiff seeking damages due to the negligence of a federal employee acting within the scope of her employment. See 28 U.S.C. § 2679(b)(1).

The Smiths also argue that the district court erred in determining that Hamlin was a federal employee rather than an independent contractor. The evidence shows, however, that Hamlin was a federal employee. See Rodriquez v. Sarabyn, 129 F.3d 760, 765 (5th Cir. 1997).

Finally, the Smiths argue that they should be exempt from the FTCA's exhaustion of administrative remedies requirement and its requirement that claims be filed within two years of accrual because they did not know Hamlin was a federal employee. The FTCA is clear that a district court's subject-matter jurisdiction over an FTCA claim is conditioned upon the claimant's compliance with § 2675(a), requiring the claimant to first present her claim to the appropriate federal agency. See Flory v. United States, 138 F.3d 157, 159 (5th Cir. 1998). Because the Smiths failed to comply with this requirement the district court lacked subject-matter jurisdiction, over their claims.[1]

Accordingly, the judgment of the district court is **AFFIRMED.**

---

[1] Further, even if equitable tolling could apply to the presentment requirement, the record contains a letter from a Farm Bureau claims adjuster to appellants' attorney, in January 1996, informing him that Hamlin was a postal employee. Thus, the Smiths knew of her status within a year following the accident and should not be immune from FTCA requirements.

2