IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-51005
Summary Calendar
_____

RENE FLORES,

Plaintiff-Appellant,

versus

UNITED STATES OF AMERICA,

Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. SA-00-CV-662
--------------------
August 13, 2002

Before HIGGINBOTHAM, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Rene Flores, now Texas inmate # 741105, appeals the district court's grant of summary judgment and dismissal pursuant to 28 U.S.C. § 2401(b) of his Federal Tort Claims Act ("FTCA") complaint. Flores' motion to compel the United States to produce documentation is DENIED.

Flores sought damages for negligence and medical malpractice against the Audie L. Murphy VA Hospital. Flores alleged that the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

hospital did not diagnose his mental condition properly, released him prematurely, and exacerbated his mental problems.

Flores contends that the two-year statute of limitations in 28 U.S.C. § 2401(b) did not accrue until 1999 when he obtained his complete medical record. He asserts that because he was mentally disabled, he should not be held to have had knowledge of the harm caused by the hospital. In the alternative, Flores asserts that under 28 U.S.C. § 2401(a), his administrative complaint filed in 1999 was timely.

We review a grant of summary judgment de novo. Resolution Trust Corp. v. Sharif-Munir-Davidson Dev. Corp., 992 F.2d 1398, 1401 (5th Cir. 1993). Summary judgment is proper if the pleadings and the evidence show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). To defeat summary judgment, the nonmovant must set forth specific facts showing the existence of a genuine issue for trial. FED. R. CIV. P. 56(e). The nonmovant cannot meet his burden with conclusional allegations, unsubstantiated assertions, or a scintilla of evidence. Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).

The limitations period for tort claims brought against the United States is set forth in the FTCA at 28 U.S.C. § 2401(b).

MacMillan v. United States, 46 F.3d 377, 381 (5th Cir. 1995).

This limitation period is jurisdictional.  Flory v. United

States, 138 F.3d 157, 159 (5th Cir. 1998).

Section 2401(b), 28 U.S.C., provides:

> A tort claim against the United States shall
> be forever barred unless it is presented in
> writing to the appropriate Federal agency
> within two years after such claim accrues or
> unless action is begun within six months
> after the date of mailing, by certified or
> registered mail, of notice of final denial of
> the claim by the agency to which it was
> presented.

Flores does not dispute that he was released from the

hospital in 1990 and that he filed his administrative claim in

1999.

In medical malpractice actions under the FTCA, the period

begins to accrue when the plaintiff discovers, or through the

exercise of reasonable diligence, should have discovered "both

his injury and its cause."  United States v. Kubrick, 444 U.S.

111, 120 (1979).  Ignorance of legal rights and ignorance of the

fact of an injury are not identical concepts.  Id. at 122.

After Flores' discharge from the hospital, he sought medical

treatment for his mental condition.  In 1991, he was adjudicated

disabled within the meaning of the Social Security regulations.

At that time, Flores was armed with the facts necessary to

determine whether any harm had been suffered, and he was expected

to use reasonable diligence to seek professional advice.  See

Kubrick, 444 U.S. at 123; Harrison v. United States, 708 F.2d 1023, 1027 (5th Cir. 1983).

Contrary to Flores' assertions, the time period provided in 28 U.S.C. § 2401(a) does not provide relief for the untimely filing of his administrative claim. See Simon v. United States, 244 F.2d 703, 704-05 (5th Cir. 1957). Flores has not shown grounds for equitable tolling. Perez v. United States, 167 F.3d 913, 917-18 (5th Cir. 1999).

Flores has not shown that the decision to deny the appointment of counsel was an abuse of discretion. Ulmer v. Chancellor, 691 F.2d 209, 212 (5th Cir. 1982). Accordingly, the judgment of the district court is AFFIRMED.

AFFIRMED; MOTION DENIED.