**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 25 1997**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

SUSAN C. FARLAINO,

  Plaintiff-Appellant,

v.

UNITED STATES OF AMERICA,

  Defendant-Appellee.

No. 95-4165
(Dist. Of Utah)
(D.C. No. 94-CV-833-B)

**ORDER AND JUDGMENT**<sup>*</sup>

Before **EBEL**, **HOLLOWAY,** and **MURPHY**, Circuit Judges.

Susan Farlaino filed this action against the United States pursuant to the

Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2671-2680, for personal

injuries allegedly sustained as a result of medical care she received from various

military medical facilities. Specifically, Farlaino claimed that officers and

employees of the United States negligently placed or left foreign objects within

her breast and, as a result, she incurred medical expenses and loss of earnings and

---

<sup>*</sup>This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

suffered "a continuing injury of mind and body." The district court granted the United States' Motion to Dismiss or Alternatively For Summary Judgment on the grounds that plaintiff failed to comply with the jurisdictional prerequisites of the FTCA. This court exercises jurisdiction pursuant to 28 U.S.C. § 1291 and affirms.

## BACKGROUND

Farlaino, was the dependent wife of an active army serviceman. [R. at 107] Between September 1983 and February 1990, Farlaino sought and received medical care from various military medical facilities for infections and abscesses in her right breast. On February 12, 1990, Farlaino sought medical care outside of the military medical system, undergoing exploratory surgery by a private physician at Castleview Hospital in Price, Utah. It was during that procedure, according to Farlaino, that her private physician discovered and removed several foreign objects from her right breast.

On January 31, 1992, Farlaino presented an administrative claim to the United States Attorney's Office (USAO). On February 10, 1992, Farlaino presented an administrative claim to the United States Department of Justice (DOJ). Both claims alleged that an officer or employee of the United States negligently placed or left a foreign object within Farlaino's breast.

-2-

On February 10, 1992, Assistant United States Attorney Joseph W. Anderson wrote to Farlaino's counsel and advised him that the receipt of the Standard Form 95 Claim for Damage by the USAO did not comply with the jurisdictional requirements of the FTCA. In response, Farlaino presented an administrative claim to the United States Department of the Army (the "Army") on February 24, 1992, setting forth the same claim which she asserted in the administrative claims filed with the DOJ and USAO.

On September 18, 1992, Farlaino filed a civil action in the district court pursuant to the FTCA. Farlaino claimed that officers and employees of the United States negligently placed or left foreign objects within her breast and, as a result, she incurred medical expenses and loss of earnings and suffered injuries to her mind and body. Approximately two months later, on November 23, 1992, the Army denied Farlaino's administrative claim on two grounds: (1) her claim was not presented to the Army within two years of the date on which it accrued; and (2) because a lawsuit was pending, her claim was no longer amenable to administrative settlement.

After Farlaino failed to appear at a status conference scheduled by the district court, failed to designate expert witnesses, failed to conduct discovery, and failed to file any dispositive motions before the scheduled cut-off date, the district court dismissed Farlaino's complaint for failure to prosecute. On August

24, 1994, approximately one year later, Farlaino filed a document entitled "Re-filing of Complaint" under the same civil number as her original complaint. On January 4, 1995, Farlaino then commenced this action by filing a document entitled "Amended Complaint." The amended complaint contained the same allegations that Farlaino's original complaint contained, that the United States negligently placed or left foreign objects in Farlaino's breast.[1]

The United States filed a Motion to Dismiss or Alternatively For Summary Judgment on the grounds that Farlaino's claims were barred by her failure to present her administrative claim to the appropriate federal agency, the Department of the Army, within two years after her claim accrued and by her failure to commence this action within six months after notice of the final denial of her administrative claim as required by the FTCA, 28 U.S.C. 2401(b). On August 8, 1995, the United States District Court for the District of Utah granted the United States' motion. Farlaino appeals.

---

[1] In addition, the Amended Complaint alleged that in September, 1983, Dr. Antoine Jumell, an officer and employee of the United States, engaged in an unauthorized touching or battery of Farlaino when he attempted to change Farlaino's surgical dressing over her protests. Farlaino conceded at oral argument before the district court that her claims of assault and battery were barred by the statute of limitations. Accordingly, Farlaino has not appealed the district court's dismissal of those claims.

# ANALYSIS

We review the grant of summary judgment *de novo* and apply the same legal standard used by the district court under Fed. R. C. P. 56(c). *Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc.*, 912 F.2d 1238, 1241 (10th Cir. 1990). "Summary judgment is appropriate when there is no genuine dispute over a material fact and the moving party is entitled to judgment as a matter of law." *Russillo v. Scarborough*, 935 F.2d 1167, 1170 (10th Cir. 1991).

It is beyond dispute that the United States is immune from suit unless it has consented to be sued. *United States v. Mitchell*, 445 U.S. 535, 538 (1980). It is similarly well established that "'the terms of [the United States'] consent to be sued in any court define that court's jurisdiction to entertain the suit.'" *Id.* (quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941)). The FTCA represents a waiver of the United States' sovereign immunity and must, therefore, be strictly construed. *Pipkin v. United States Postal Service*, 951 F.2d 272, 275 (10th Cir. 1991). One of the conditions of that waiver is the statute of limitations set forth in 28 U.S.C. § 2401(b). *United States v. Kubrick*, 444 U.S. 111, 117-18 (1979). Section 2401(b) provides as follows:

> A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered

mail, of notice of final denial of the claim by the agency to which it was presented.

The United States argues that Farlaino failed to comply with either limitation period set out in § 2401(b). The United States notes that under § 2401(b), a claim is barred unless it is presented in writing "to the appropriate Federal agency" within two years after the claim accrues. The Code of Federal Regulations provides that the appropriate agency for purposes of § 2401(b) is the "agency whose activities gave rise to the claim." 28 C.F.R. § 14.2(b)(1). Because Farlaino did not present her claim to the Army, the agency whose activities gave rise to her claim, until more than two years after her claim accrued, the United States argues that her action is barred by the first clause of § 2401(b).

In response, Farlaino argues that the DOJ was obligated to transfer the claim to the Army pursuant to 28 C.F.R. § 14.2(b)(1), which provides as follows:

> A claim shall be presented to the Federal agency whose activities gave rise to the claim. When a claim is presented to any other Federal agency, that agency shall transfer it forthwith to the appropriate agency, if the proper agency can be identified from the claim, and advise the claimant of the transfer. If transfer is not feasible, the claim shall be returned to the claimant. The fact of transfer shall not, in itself, preclude further transfer, return of the claim to the claimant or other appropriate disposition of the claim. A claim shall be presented as required by 28 U.S.C. [§] 2401(b) as of the date it is received by the appropriate agency.

Because the DOJ failed to comply with the transfer requirements set out in § 14.2(b)(1), Farlaino argues that her claim should be considered constructively presented to the Army as of the date it was presented to the DOJ. *See Bukala v. United States*, 854 F.2d 201, 203-04 (7th Cir. 1988).

This court need not decide whether 28 C.F.R. § 14.2(b)(1) creates a constructive filing exception to § 2401(b) because even if we assume, without deciding, that Farlaino timely presented her claim to the Army, she still failed to file this action "within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim" by the Army. 28 U.S.C. § 2401(b).

The United States contends that *Pipkin v. United States Postal Serv.*, 951 F.2d 272 (10th Cir. 1991), controls the disposition of this case. We agree. In *Pipkin*, the plaintiff filed a grievance with the United States Postal Service ("USPS"). *Id.* at 274. After the USPS denied the grievance on July 23, 1988, the plaintiff filed an FTCA action on November 12, 1988. *Id.* Although the district court dismissed the original FTCA suit on May 23, 1989, the plaintiff filed a second and virtually identical FTCA suit on May 2, 1990. The district court dismissed this second action as well. *Id.* On appeal, this court assumed that the six-month limitations period set out in § 2401(b) was tolled during the pendency of the original and timely filed FTCA action. *Id.* Upon dismissal of that claim

for failure to prosecute, however, the limitations period began to run again. Because more than six months elapsed between the dismissal of the first action and the filing of the second, the second action was not timely filed. *Id.*

The facts of the instant case are remarkably similar to *Pipkin*. Farlaino filed her administrative claim with the Army on February 24, 1992. She filed her original FTCA action on September 18, 1992. Approximately two months later, on November 23, 1992, the Army denied Farlaino's claim on the following grounds: (1) her claim was not filed within two years of the date her cause of action accrued; and (2) her claim was no longer subject to administrative settlement because a lawsuit was pending. The district court dismissed Farlaino's original FTCA action on August 23, 1993, for failure to prosecute. Farlaino then filed a document styled "Re-filing of Complaint" on August 23, 1994 and filed an "Amended Complaint" on January 4, 1995.

Assuming, as did the court in *Pipkin*, that the statute of limitations was tolled during the pendency of Farlaino's original FTCA action, the limitations period did not begin to run until the district court dismissed the original action for failure to prosecute on August 23, 1993. *See id.* Thus, Farlaino had until February 23, 1994, (six months) to file suit. 28 U.S.C. § 2401(b). Because she did not file her second FTCA action until at least August 23, 1994, her suit was

not timely filed. *See Pipkin*, 951 F.2d at 274; *see also Benge v. United States*, 17 F.3d 1286, 1288 (10th Cir. 1994).

In an effort to distinguish *Pipkin*, Farlaino argues that the documents she filed as "Re-filing of Complaint" and "Amended Complaint" constitute a continuation of her original, timely-filed FTCA action. This contention is clearly untenable. The district court dismissed Farlaino's original FTCA action on August 23, 1993, for failure to prosecute. Because the district court's order of dismissal did not provide otherwise, the dismissal for failure to prosecute "operate[d] as an adjudication upon the merits." Fed. R. Civ. P. 41(b); *See* 5 James Wm. Moore et al., Moore's Federal Practice ¶ 41.14 (2d 1996). Thus, at that point, the original action was terminated and there was nothing to which the amended complaint could relate back. *See Benge*, 17 F.3d at 1288 (holding under similar facts that "a separately filed claim, as opposed to an amendment or supplementary pleading, does not relate back to a previously filed claim").

This court can resolve Farlaino's remaining contentions in short order. First, Farlaino contends that DOJ is an "appropriate agency" for purposes of § 2401(b). She further contends that because she presented her claim to the DOJ in a timely manner and the DOJ has not yet acted on her claim, the six-month limitations period set out in § 2401(b) has not yet began to run. This contention clearly fails in light of the 28 C.F.R. § 14.2(b)(1), which specifically defines

appropriate agency for the purposes of § 2401(b) as the "agency whose activities gave rise to the claim." Second, in a barely comprehensible portion of her brief, Farlaino appears to argue that the United States should be estopped from relying on § 2401(b) for the following two reasons: (1) the DOJ failed to transfer Farlaino's claim to the Army as it was obligated to do under 28 C.F.R. § 14.2(b)(1); and (2) the United States failed to raise § 2401(b) in its answer to Farlaino's original, timely FTCA action. It is sufficient to note in response to Farlaino's contention that the limitations periods set out in § 2401(b) are jurisdictional and are not subject to estoppel or waiver principles. *See Hopeland Band of Pomo Indians v. United States*, 855 F.2d 1573, 1577 (Fed. Cir. 1988); *Burns v. United States*, 764 F.2d 722, 724 (9th Cir. 1985); *Garrett v. United States*, 640 F.2d 24, 26 (6th Cir. 1981) (*per curiam*).

## CONCLUSION

The judgment of the United States District Court for the District of Utah is hereby **AFFIRMED**.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge

-10-