**Joan WUKAWITZ, individually and on behalf of the heirs of Samantha Wukawitz, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**No. 1:01CV37.**

United States District Court,
D. Utah,
Northern Division.

Oct. 2, 2001.

Peter W. Summerill, Salt Lake City, UT, James R. Hasenyager, Hasenyager & Summerill, Ogden, UT, for Plaintiff.

Jill N. Parrish, U.S. Attorney's Office, Salt Lake City, UT, for Defendant.

## ORDER

KIMBALL, District Judge.

This matter is before the court on Defendant's Motion to Dismiss based on lack of subject matter jurisdiction. A hearing on the motion was held September 13, 2001. Defendant was represented by Jill N. Parrish. Plaintiff was represented by James R. Hasenyager and Peter W. Summerill. After carefully considering the memoranda and other materials submitted by the parties as well as the law and facts relating to this matter, and now being fully advised, the court renders the following Order.

## BACKGROUND

Plaintiff brought a wrongful death action against the United States to recover for the death of her nine-year-old daughter, Samantha Wukawitz ("Samantha"), who was killed on March 31, 1999 when she was struck by a car in a public crosswalk walking to school. Both Plaintiff and her daughter were residents of Hill Air Force Base ("HAFB") at the time of the accident. Plaintiff alleges that the United States is responsible for Samantha's death because, while the crosswalk was not located on HAFB, the United States requested that the crosswalk be placed in that location. Plaintiff further claims that the United States should have known that the crosswalk was unreasonably dangerous and that it negligently failed to prohibit minor children living on HAFB from using the crosswalk. Plaintiff filed this lawsuit in federal district court under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2671–80.

Pursuant to the requirements of the FTCA, Plaintiff initially filed an administrative claim with the United States Air Force. On June 20, 2000, the Air Force denied the claim and sent a certified letter

notifying Plaintiff of the denial. The letter stated that if Plaintiff was dissatisfied with the decision, she should file a lawsuit in a United States District Court within six months from the date of the denial letter.

Less than six months from the date of the order, on October 11, 2000, Plaintiff filed a complaint naming the United States as a defendant in Utah State Court. After receiving Plaintiff's complaint, Carlie Christensen, Chief of the Civil Division for the United States Attorney's Office for the District of Utah, called Plaintiff's counsel and informed him that the doctrine of sovereign immunity precluded the United States from being sued unless it consents to be sued. She further notified counsel that the FTCA includes a limited waiver of governmental immunity but expressly provides that federal courts have exclusive jurisdiction over any claims brought under the FTCA. Ms. Christensen then assigned the case to Jill Parrish, an Assistant United States Attorney for the District of Utah.

Ms. Parrish called Plaintiff's counsel and asked him if he would voluntarily dismiss the state court action and refile the action in federal court or whether she would need to file a motion to dismiss in state court. Plaintiff's counsel said that he would voluntarily dismiss the state court action and refile the complaint in federal court. Ms. Parrish informed him that the deadline for the United States' responsive pleading was December 26, 2000. On or about December 18, 2000, Ms. Parrish again called Plaintiff's counsel to inform him that she had not yet received a notice of dismissal. Plaintiff's counsel again indicated that it was not necessary for the United States to file a motion to dismiss and assured her that he would obtain a voluntary dismissal. Plaintiff filed the present action on March 26, 2001.

## DISCUSSION

### I. Federal Tort Claims Act

■ As a sovereign, the United States is immune from suit unless it consents to be sued and "the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *United States v. Mitchell,* 445 U.S. 535, 538, 100 S.Ct. 1349, 63 L.Ed.2d 607 (1980) (quoting *United States v. Sherwood,* 312 U.S. 584, 586, 61 S.Ct. 767, 85 L.Ed. 1058 (1941)). Under the FTCA, Congress provided a limited waiver of governmental immunity giving the federal courts exclusive jurisdiction to hear tort claims against the United States. 28 U.S.C. § 1346(b). However, the United States Supreme Court has held that when Congress provides a waiver of sovereign immunity, as in the FTCA, the conditions and limitations upon that waiver must be strictly construed. *Mitchell,* 445 U.S. at 538, 100 S.Ct. 1349; *United States v. Kubrick,* 444 U.S. 111, 117–118, 100 S.Ct. 352, 62 L.Ed.2d 259 (1979); *Soriano v. United States,* 352 U.S. 270, 276, 77 S.Ct. 269, 1 L.Ed.2d 306 (1957). The limitations upon the waiver of sovereign immunity contained in the FTCA are as follows:

> A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

28 U.S.C. § 2401(b).

Defendant maintains that this Court lacks jurisdiction because Plaintiff filed this action more than nine months from the date on which the Air Force mailed the letter denying Plaintiff's administrative claim thereby exceeding the filing deadline

by more than three months. Plaintiff contends that in filing a claim against the United States in Utah State Court her action had begun within the six month limitations period. Acknowledging that she filed the initial claim in the wrong forum, Plaintiff asserts that the doctrine of equitable tolling applies to lawsuits brought under the FTCA and, consequently, the Defendant's Motion to Dismiss for lack of subject matter jurisdiction fails.

### A. Application of the Equitable Tolling Doctrine to the FTCA

██ In suits between private litigants, the United States Supreme Court has applied the doctrine of equitable tolling in situations where the claimant filed a defective pleading during the statute of limitations period but was proactive in pursing a judicial remedy. *See Burnett v. New York Central R.R. Co.*, 380 U.S. 424, 85 S.Ct. 1050, 13 L.Ed.2d 941 (1965) (plaintiff timely filed complaint in wrong court). The Court also found the doctrine applicable in circumstances where the complainant was misled by the other party as to the filing deadline. *See Glus v. Brooklyn Eastern Dist. Terminal*, 359 U.S. 231, 79 S.Ct. 760, 3 L.Ed.2d 770 (1959) (adversary's misrepresentation caused plaintiff to let filing period lapse). However, in cases where the claimant did not exercise due diligence in pursuing a judicial remedy, the Court has not allowed a claimant to invoke the equitable tolling doctrine. *Baldwin Co. Welcome Ctr. v. Brown*, 466 U.S. 147, 151, 104 S.Ct. 1723, 80 L.Ed.2d 196 (1984).

In *Irwin v. Department of Veterans Affairs*, the Court held that the same rebuttable presumption of equitable tolling that applies to private litigants applies to lawsuits in which the United States is a defendant. *Irwin*, 498 U.S. 89, 95–96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990). Applying the rebuttable presumption rule to Title VII of

the Civil Rights Act of 1964, the Court found the doctrine of equitable tolling to be consistent with the congressional intent behind Title VII. *Id.*

██ Plaintiff argues that, following *Irwin*, the Tenth Circuit has implicitly recognized that equitable tolling applies to cases brought under the FTCA. However, in each case cited, the court assumed without deciding that equitable tolling applies to the limitation periods of the FTCA in order to demonstrate that application of the doctrine in those cases would have made no difference to their outcomes. *Benge v. United States*, 17 F.3d 1286, 1288 (10th Cir.1994); *Pipkin v. United States Postal Service*, 951 F.2d 272, 274 (10th Cir.1991); *Farlaino v. United States*, 1997 WL 139768, *3 (10th Cir.1997) (Unpublished). In *Benge*, the court stated that "[a]ssuming arguendo that plaintiffs' situation is one to which equitable tolling should be applied, the doctrine would not save plaintiffs' claims." *Benge*, 17 F.3d at 1288. In *Pipkin*, the court stated that "[e]ven if we could assume that the first FTCA action ... tolled the limitations period, ... [plaintiff] commenced the current FTCA action well beyond six months after the denial of the grievance." *Pipkin*, 951 F.2d at 274. Similarly, in *Farlaino*, the court stated that "[a]ssuming ... that the statute of limitations was tolled during the pendency of [plaintiff's] original FTCA action, the limitations period did not begin to run until the district court dismissed the original action for failure to prosecute...." *Farlaino*, 1997 WL 139768 at *3. Therefore, the Tenth Circuit has never decided whether equitable tolling applies to the FTCA and this Court concludes that it does not.

██ Two cases subsequent to *Irwin* held that equitable tolling does not apply in every case in which the United States is a defendant. *United States v. Beggerly*,

524 U.S. 38, 47–48, 118 S.Ct. 1862, 141 L.Ed.2d 32 (1998); *United States v. Brockamp*, 519 U.S. 347, 354, 117 S.Ct. 849, 136 L.Ed.2d 818 (1997). Both *Beggerly* and *Brockamp* suggest that equitable tolling is permissible only after a court examines the language and purposes of the waiver statute and identifies congressional intent to equitably toll the limitations period. *Beggerly*, 524 U.S. at 47–48, 118 S.Ct. 1862; *Brockamp*, 519 U.S. at 350–54, 117 S.Ct. 849. In *Brockamp*, the Court held that equitable tolling was not available in tax refund suits against the United States because the language of the relevant section "sets forth its time limitations in unusually emphatic form." *Brockamp*, 519 U.S. at 350, 117 S.Ct. 849. In *Beggerly*, the Court held that the Quiet Title Act was not subject to equitable tolling because the Act already allows for equitable tolling in that the statute of limitations does not begin to run until the plaintiff "knew or should have known of the claim of the United States;" and the Act's twelve-year statute of limitations is unusually generous. *Beggerly*, 524 U.S. 38, 48–49, 118 S.Ct. 1862 (citing 28 U.S.C. § 2409a (g)).

Similarly, in a post-*Irwin* decision, the Tenth Circuit found the purpose of the limitations period in the FTCA to be inconsistent with equitable tolling. The court stated:

> In enacting the FTCA limitations period, 28 U.S.C. § 2401(b), as a condition of that waiver [of sovereign immunity], Congress struck a balance between providing a reasonable time for plaintiffs to present tort claims against the United States and preventing assertion of stale claims. Courts are not free to construe section 2401(b) so as to defeat that section's purpose of encouraging prompt presentation of claims against the federal government. The limitations period is a meritorious defense that is itself in the public interest. Therefore, in con-

struing the FTCA's statute of limitations, courts should not extend that waiver beyond congressional intent.

*Pipkin*, 951 F.2d at 275 (citing *Kubrick*, 444 U.S. at 117–18, 100 S.Ct. 352 (1979)).

The language and legislative history of the FTCA also demonstrate that Congress did not intend equitable tolling to apply to the six month limitations period for filing suit. The language of section 2401(b) states that a tort claim will be "forever barred" if an action is not begun within six months from the date of mailing of final denial of the administrative claim. This unusually emphatic language, like the statutory language at issue in *Brockamp*, demonstrates that Congress did not intend for the limitations period to be regarded as containing an implied equitable tolling exception. Moreover, it is clear from the legislative history of the FTCA that Congress did not intend for equitable tolling to apply to the limitations period. Congress has had multiple opportunities to include equitable tolling provisions within the FTCA but has not done so. *See Revisiting Equitable Tolling and the Federal Tort Claims Act: Putting the Legislative History in Proper Perspective*, 31 Seton Hall L.Rev. 174, 217 (2000). When Congress initially considered limitations periods for tort claims brought against the United States prior to enactment of the FTCA in 1946, several bills contained equitable tolling provisions that never made it into the Act. *Id.* at 196–97. Additionally, Congress had the opportunity to include those provisions when it amended the FTCA's statute of limitations in 1949, 1966, and 1988 but once more it chose to exclude them. *Id.* at 197–205. Moreover, claimants unable to comply with the time periods mandated by the FTCA may seek a tort remedy through a private bill of relief with Congress. *Id.* at 218. "The Act does not, and never did, replace the private bill

mechanism. Since the passage of the FTCA, there are numerous examples of Congress entertaining private bills of relief when tort compensation could not be obtained in an Article III court." *Id.* Therefore, based on the statutory language and the absence of congressional intent otherwise, this Court finds that the equitable tolling doctrine does not apply to cases brought under the FTCA.

### B. Application of Equitable Tolling Doctrine to Facts Presented by this Case

■ Even if this Court were to conclude that the FTCA time limitations are subject to the doctrine of equitable tolling, the facts of Plaintiff's case are insufficient to justify its application. The Supreme Court in *Irwin* noted that while the equitable tolling may apply in certain cases, its application should only be exercised in very limited circumstances. *Irwin,* 498 U.S. at 96, 111 S.Ct. 453. Plaintiff's assertion that filing a defective pleading in the wrong forum within the statutory period entitles her to application of equitable tolling is clearly erroneous after a careful review of the applicable case law.

Relying upon *Irwin,* Plaintiff asks this Court to find that she has "actively pursued [her] judicial remedies by filing a defective pleading during the statutory period." *Irwin,* 498 U.S. at 96, 111 S.Ct. at 458 (citing *Burnett,* 380 U.S. 424, 85 S.Ct. 1050, 13 L.Ed.2d 941). The Court in *Burnett* held that the statute of limitations was tolled during the pendency of a state court action in a Federal Employers Liability Act (FELA) suit because the action had been properly "commenced" within the meaning of the statute. *Burnett,* 380 U.S. at 426, 85 S.Ct. 1050. However, in the instant case, the filing of the state court action does not constitute "commencement" of an action against the United

States because, unlike the defective pleading at issue in *Burnett,* the action was not filed in a court of "competent jurisdiction." *Id.* at 426, 429, 85 S.Ct. 1050. Because the United States cannot be sued without its consent, "the terms of [the government's] consent to be sued in any court define that court's jurisdiction to entertain the suit." *Lehman v. Nakshian,* 453 U.S. 156, 160, 101 S.Ct. 2698, 69 L.Ed.2d 548 (1981) (quoting *United States v. Testan,* 424 U.S. 392, 399, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976)). The FTCA's limited waiver of sovereign immunity is conditioned upon the plaintiff asserting her claims in federal court. 28 U.S.C. 1346(b)(1). Since Utah state courts have no jurisdiction over tort actions against the United States, Plaintiff's action against the United States did not commence when she filed the state court claim.

Furthermore, the Supreme Court in *Irwin* held that equitable tolling should not be applied to cases of garden variety excusable neglect. *Irwin,* 498 U.S. at 96, 111 S.Ct. 453. Additionally, the Tenth Circuit has stressed that equitable tolling is only available in very limited circumstances. *Amoco Production Company v. Newton Sheep Company,* 85 F.3d 1464, 1471 (10th Cir.1996); *Million v. Frank,* 47 F.3d 385, 389 (10th Cir.1995). For instance, equitable tolling "may be appropriate where the defendant has actively misled the plaintiff respecting the cause of action, or where the plaintiff has in some extraordinary way been prevented from asserting his rights." *Million,* 47 F.3d at 385.

Plaintiff's case does not fall into this type of extraordinary circumstance. At most, Plaintiff's actions amount to a garden variety case of excusable neglect. Plaintiff had knowledge of the statutory time limitations and the proper court in which to file her claim, but failed to meet these requirements. Plaintiff was notified

by the Air Force, via Certified Mail, that the claim was denied. In that letter, Plaintiff was specifically told that she "may file suit in an appropriate United States District Court not later than six months after the date on which this letter was mailed." The letter was mailed on June 20, 2000. After filing a claim against the United States in Utah State Court, on October 11, 2000, Plaintiff was informed two separate times by the United States that federal courts have exclusive jurisdiction over tort claims against the United States. Plaintiff was also informed by the United States of the FTCA's applicable statute of limitations. Plaintiff told the United States that she would voluntarily dismiss the state court claim and refile it in federal district court. Plaintiff failed to file this action within the FTCA's six month limitations period.

In its discussion of the types of cases in which it applied the equitable tolling doctrine, the Supreme Court stated: "[w]e have generally been much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights." *Irwin*, 498 U.S. at 96, 111 S.Ct. 453 (citing *Baldwin Co. Welcome Ctr. v. Brown*, 466 U.S. 147, 151, 104 S.Ct. 1723, 80 L.Ed.2d 196 (1984)). In addition, the *Baldwin* Court held that "[o]ne who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence." *Baldwin*, 466 U.S. at 151, 104 S.Ct. 1723. Defendant argues that this is a situation where, "had plaintiff acted diligently, [she] could have filed [her] action in a timely manner." *Million*, 47 F.3d at 389. This Court agrees. Plaintiff did not exercise due diligence in filing a claim against the United States. She failed to file her claim within the specified time period in a court of competent jurisdiction. Consequently, even if this Court concluded that the doctrine of equitable tolling applies to cases brought under the

FTCA, the facts of Plaintiff's case are insufficient to justify application of the doctrine here.

## CONCLUSION

For the reasons stated above, Defendant's Motion to Dismiss for lack of subject matter jurisdiction is GRANTED.